**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**STATE OF MISSISSIPPI, et al.**                                                                   **PLAINTIFFS**

**V.**                                                                   **CAUSE NUMBER: 3:26-cv-00171-JDM-RP**

**RICHARD AMUN'RA BEY**                                                                   **DEFENDANT**

## JUDGMENT

The Court on its own motion remands this action for lack of subject matter jurisdiction.

On June 22, 2026, Defendant Richard Amun'Ra Bey filed a notice of removal. [1]  But the action he removed was not a civil complaint filed in state court.  Rather, it appears to be a traffic citation issued by the City of Pearl, Mississippi—a municipality *outside* the Northern District of Mississippi.  [2]

Federal courts have limited jurisdiction.  28 U.S.C. §§ 1331, 1332.  And "[t]he removing party bears the burden of establishing jurisdiction." *Allen v. Bank of Am., N.A.*, 5 F. Supp. 3d 819, 826 (N.D. Tex. 2014) (citing *Miller v. Diamond Shamrock Co.*, 275 F.3d 414, 417 (5th Cir. 2001)).  Amun'Ra Bey's notice fails to allege *any* basis of this Court's jurisdiction.

The notice does make references to the United States Constitution—among other purported sources of law.  So a very lenient construction of the pro se notice is that it alleges federal-question jurisdiction under § 1331.  But this Court has been clear that § 1331 does not confer jurisdiction over criminal cases.  *Mississippi v. Arnold*, No. 4:18-cv-191-DMB-RP, 2019 WL 3381771, at *2 (N.D. Miss. July 26, 2019).  And a "traffic citation prosecution . . . is undoubtedly a criminal proceeding." *Id.*  So this Court lacks federal-question subject matter jurisdiction under § 1331.

There is also no diversity of citizenship under § 1332. Nor does 28 U.S.C. § 1443(1)—which provides for removal of criminal actions under extremely limited circumstances—apply because there is no indication Amun'Ra Bey lacks the ability to enforce his rights in state court. *See Arnold*, 2019 WL 3381771, at *2.

The Court would add that the notice of removal does not comply with the procedures of 28 U.S.C. § 1446(a). Not only was it filed out of time. *See New York v. Bey ex rel. McDaniel*, No. 24-CV-1779 (LTS), 2024 WL 2133857, at *2 (S.D.N.Y. Apr. 15, 2024) (holding that a notice of removal filed "more than 30 days after receiving the initial tickets and charge" is untimely). But it also was not "file[d] in the district court of the United States for the district and division within which such action is pending." 28 U.S.C. § 1446(a).

This cause is hereby **REMANDED**.

This case is **CLOSED**.

**SO ORDERED** this the 24th day of June, 2026.

/s/ James D. Maxwell II
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI